IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LYLE A. WILKINSON, et al.,

        Plaintiffs,

v.                                                    CIVIL ACTION NO.  2:13-cv-09356

MUTUAL OF OMAHA INSURANCE
COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Mutual of Omaha Insurance Company's Motion to Sever Claims Against Defendant Ozzie Roach from Claims Against Mutual of Omaha Insurance Company [Docket 6]. The plaintiffs have failed to respond and the deadline for doing so has passed. The motion is therefore ripe for review. In short, defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") argues that defendant Ozzie Roach ("Roach") was fraudulently joined and fraudulently misjoined, and therefore the court should sever the claims and retain jurisdiction over the instant matter against Mutual of Omaha. As discussed below, because I find that Roach was fraudulently joined in this lawsuit, all claims against Roach are **DISMISSED** and Mutual of Omaha's motion [Docket 6] is **DENIED as moot**.

**I.     Background**

This case involves a life insurance policy sold by Mutual of Omaha to plaintiff Lyle A. Wilkinson, in which plaintiff Susan B. Wilkinson was the named primary beneficiary. (Compl. [Docket 1-1], ¶ 7). The plaintiffs allege that, despite Lyle Wilkinson being qualified to receive

half of the net life insurance payout pursuant to an acceleration clause, Mutual of Omaha denied that coverage. (*Id.*, ¶¶ 8-10).

The plaintiffs filed suit on December 7, 2012 in the Circuit Court of Kanawha County, West Virginia, asserting six counts:[1] (1) a claim for *Hayseeds* damages against Mutual of Omaha; (2) breaches of duty by Roach; (3) Unfair Trade Practices Act violations against Mutual of Omaha; (4) bad faith; (5) intentional infliction of emotional distress against Mutual of Omaha; (6) negligent infliction of emotional distress against Mutual of Omaha. It appears, from the Complaint, that only Count II was brought against Roach.

On April 29, 2013, Mutual of Omaha removed the case to this court alleging the fraudulent joinder of the only non-diverse party, Roach.[2] On May 6, 2013, Mutual of Omaha filed the instant motion to sever claims, arguing that should the court find Roach was not fraudulently joined, Roach was nonetheless fraudulently misjoined. The plaintiffs did not file a motion to remand, nor did they file a response to the instant motion.

## II.  Discussion

The sole issue before the court is whether Mutual of Omaha has established that the plaintiffs fraudulently joined or fraudulently misjoined Roach in this lawsuit. Because I **FIND** below that the plaintiffs fraudulently joined Roach in this lawsuit, I do not reach the issue of fraudulent misjoinder.

---

[1]  The Complaint includes "Count I" through "Count VII," but skips Count III, and therefore there are only six counts in the Complaint.

[2]  For purposes of diversity jurisdiction, the plaintiffs and Roach are citizens of West Virginia, while Mutual of Omaha is a citizen of Nebraska.

### A.     *Legal Standard*

The statute authorizing diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332. Accordingly, no party involved in a diversity suit may share common citizenship with any party on the other side. *Id.* Normally, diversity jurisdiction is determined from the face of the plaintiff's well-pleaded complaint. The judicially-created fraudulent joinder and fraudulent misjoinder doctrines provide exceptions to the well-pleaded complaint rule by allowing a court "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999); *see also, e.g.*, *Greathouse v. Vanderbilt Mortg. & Fin. Inc.*, No. 2:11-cv-00952, 2012 WL 1424175, at *2-3 (S.D. W. Va. Apr. 24, 2012); *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009); *Ashton Med. Assocs., Inc. v. Aetna Health Mgmt., Inc.*, 395 F. Supp. 2d 415, 419-20 (S.D. W. Va. 2005).

The doctrine of fraudulent joinder may be applied where a defendant was joined solely for the purpose of defeating diversity jurisdiction. The burden on the party asserting fraudulent joinder is heavy; the defendant must establish either that "there is no possibility that the plaintiff would be establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal citation and quotation marks omitted). "The defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232-33. The Fourth Circuit has held that "[t]his standard is even more favorable to the plaintiff than the standard for

3

ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). In fact, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426 (internal citation omitted). In determining whether the plaintiff has a "glimmer of hope," the court may consider the entire record. *AIDS Counseling & Testing Ctrs. v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

**B.** *Analysis*

Only Count II of the Complaint ("The Conduct of Roach") applies specifically to Roach.[3] (*See* Compl. [Docket 1-1], ¶¶ 15-23). In short, this section alleges that Roach, *inter alia*, (1) is employed by Mutual of Omaha or authorized to sell insurance products by Mutual of Omaha; (2) failed to describe and accurately inform the plaintiffs of the acceleration clause contained in the applicable policy; and (3) owed and breached the duties to promptly, fairly and honestly evaluate the plaintiffs' insurance needs and to use reasonable care in performing his duties as the plaintiffs' insurance representative. (*See id.*).

A party seeking to prove fraudulent joinder must show either "outright fraud in the plaintiff's pleading of jurisdictional facts," or that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley*, 187 F.3d at 424 (emphasis in original). In this case, Mutual of Omaha does not argue that there was outright fraud in the plaintiffs' pleading of jurisdictional facts. Rather, it contends that there is no legal possibility that the plaintiffs would be able to establish any cause of action against Roach.

---

[3]  Other parts of the Complaint suggest that other counts may apply to Roach; for example, the plaintiffs' Prayer for Relief includes a request for "[a]n Order finding that Mutual of Omaha and Roach violated West Virginia's unfair trade practices act . . . ." (Compl. [Docket 1-1], at 9). The Complaint is extremely unclear on this issue. Regardless, there is no legal possibility that the plaintiffs can establish *any* of these causes of action against Roach.

4

Mutual of Omaha argues that to the extent the plaintiffs bring claims against Roach for (1) fraud and misrepresentation; (2) negligence; (3) malpractice; (4) UTPA violations; (5) breach of contract; or (6) bad faith insurance practices, they all fail for various reasons.

Mutual of Omaha argues that there are *two* insurance policies purchased by the plaintiffs: one purchased from Roach in 2003 (Policy No. BU1103421) and which lapsed on May 18, 2008, and a second, which was purchased—but not from Roach—in 2008 (Policy No. BU1196515). (*See* Roach Aff. [Docket 1-2], at 1). According to Mutual of Omaha, Policy No. BU1196515 "contained different coverages and was a different type of life insurance" from Policy No. BU1103421. (Notice of Removal by Defendant [Docket 1], at 5). Additionally, Mutual of Omaha "terminated their contract with Ozzie Roach on March 15, 2007." (*Id.*). In short, if there was any fraud, negligence, malpractice, violations of the UTPA, breach of contract, or bad faith insurance practice by Roach, they would only apply to Policy No. BU1103421—which, again, was purchased in 2003, lapsed in 2008 and not in effect at the time of the plaintiffs' claims. The plaintiffs' claims, if any, for fraud and misrepresentation, negligence, malpractice, and violations of the UTPA would fail under the applicable statutes of limitations. *See* W. Va. Code § 55-2-12; *Ricottili v. Summersville Mem. Hosp.*, 188 W. Va. 674 (W. Va. 1992); *Brumbaugh v. Princeton Partners*, 766 F. Supp. 497, 499 (S.D. W. Va. 1991); *Wilt v. State Auto. Mut. Ins. Co.*, 203 W. Va. 165 (1998). Additionally, Roach was not a party to the contract for any potential breach of contract claim, nor did he have any fiduciary duty to the plaintiffs for any bad faith insurance practice claim. *See, e.g.*, *Elmore v. State Farm Mut. Auto Ins. Co.*, 202 W. Va. 430, 434 (1998) ("[T]he common law duty of good faith and fair dealing in insurance cases under our law runs between insurers and insureds and is based on the existence of a contractual relationship.").

5

It bears noting again that the plaintiffs failed to respond to Mutual of Omaha's motion and failed to rebut any of the arguments and evidence that Mutual of Omaha has presented. On the other hand, Mutual of Omaha has provided several exhibits, including an affidavit from Roach. Having reviewed the pleadings and the relevant law, I **FIND** that "there is *no possibility* that the plaintiff[s] would be able to establish a cause of action against the in-state defendant in state court." *Hartley*, 187 F.3d at 424 (emphasis in original). Even viewing the facts in the light most favorable to the plaintiffs, and keeping in mind the higher standard for establishing fraudulent joinder, the evidence nonetheless demonstrates that the plaintiffs have not even a "glimmer of hope" in stating a claim against Roach. Therefore, I **FIND** that Roach has been fraudulently joined in this action.

Accordingly, it is **ORDERED** that all of the claims against Roach (particularly Count II, but also any other claims that may have been set forth in the Complaint) are **DISMISSED** and Mutual of Omaha's motion [Docket 6] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                          ENTER:      June 5, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE