IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LYLE A. WILKINSON, et al.,

        Plaintiffs,

v.                                          CIVIL ACTION NO.   2:13-cv-09356

MUTUAL OF OMAHA INSURANCE
COMPANY,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the Defendant's Motion to Bifurcate and Stay the Bad Faith Action [Docket 17]. As set forth below, the motion to bifurcate is **DENIED without prejudice** and the motion to stay is **DENIED**.

**I. Background**

This case involves a life insurance policy sold by Mutual of Omaha Insurance Company ("Mutual of Omaha") to plaintiff Lyle A. Wilkinson, in which plaintiff Susan B. Wilkinson was the named primary beneficiary. (Compl. [Docket 1-1] ¶ 7). The plaintiffs allege that, despite Mr. Wilkinson being qualified to receive half of the net life insurance payout pursuant to an acceleration clause, Mutual of Omaha denied that coverage. (*Id.* ¶¶ 8-10). Mr. Wilkinson applied for the benefits three separate times—and was denied each time—after his physician found that he was "terminally ill" as defined by the insurance policy. (*See* Resp. in Opp. to Def.'s Mot. to Bifurcate and Stay Bad Faith Action [Docket 23], at 3).

In addition to a claim for improper denial of coverage, the plaintiffs bring claims against Mutual of Omaha for common law bad faith (*see* Compl. [Docket 1-1] ¶¶ 36-38), violations of West Virginia's Unfair Trade Practice Act (*see id.* ¶¶ 24-35), and negligent and intentional infliction of emotional distress (*see id.* ¶¶ 39-46).

In the instant motion, Mutual of Omaha asks that I bifurcate and stay (1) the common law bad faith claim, (2) the Unfair Trade Practices Act claim, and (3) the negligent and intentional infliction of emotional distress claims (collectively the "Bad Faith Claims") until there is a determination that the plaintiffs are indeed entitled to coverage under the life insurance policy (the "Coverage Claim"). According to Mutual of Omaha, staying the Bad Faith Claims pending resolution of the Coverage Claim is in the best interest of judicial economy and efficiency, and it would prevent unfair prejudice. Mutual of Omaha argues that under Federal Rule of Civil Procedure 42(b), I should bifurcate the Bad Faith Claims from the Coverage Claims and conduct separate trials for each of them.

**II. Analysis**

Mutual of Omaha asks for two separate forms of relief. First, Mutual of Omaha asks that I bifurcate trial between the Coverage Claims and the Bad Faith Claims. Second, Mutual of Omaha asks that I stay discovery of the Bad Faith Claims until there is a determination, either at trial or by the court, that the plaintiffs qualify for coverage under the insurance policy. I address these issues separately.

*A. Bifurcation for Trial*

Bifurcation of a first-party bad faith insurance action is not mandatory, and is left to the judge's discretion. *See* Syl. Pt. 2, *Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 65 (W. Va. 1998); *see also* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the

2

court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

In this case, discovery remains ongoing. District judges in several recent cases have found it premature to move for bifurcation of bad faith insurance claims before the close of discovery. *See, e.g.*, *Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13-cv-80, 2013 WL 5777280, at *8 (N.D. W. Va. Oct. 25, 2013); *Chaffin v. Watford*, No. 3:08-cv-0791, 2009 WL 772916, at *2 (S.D. W. Va. Mar. 18, 2009) (Chambers, J.); *Tustin v. Motorists Mut. Ins. Co.*, No. 5:08-cv-111, 2008 WL 5377835, at *2 (N.D. W. Va. Dec. 22, 2008). I see no reason to decide otherwise. I therefore **DENY** without prejudice the motion to bifurcate. Mutual of Omaha may renew this motion at the close of discovery.

### B. Stay of Discovery on the Bad Faith Claims

Although I decline to bifurcate the trial at this time, I must still determine whether to stay discovery on the plaintiff's bad faith claims. "One of the purposes of [Federal Rule of Civil Procedure 42(b)] is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970); *see also Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (affirming district court's protective order prohibiting further discovery until five days after entry of summary judgment opinion). "On the other hand, if the transactions involved are so interrelated that a limitation to specific matters would frustrate the inquiry or lead to wasted effort by requiring two depositions to be taken of the same witness a court is well justified in refusing a limitation." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2040 (3d ed. 2010).

*Light v. Allstate Ins. Co.* is instructive. There, the court held that "[t]rial courts have discretion in determining whether to stay discovery in a first-party bad faith claim against an insurer that has been bifurcated and stayed." Syl. Pt. 3, *Light*, 506 S.E.2d at 65. The court enunciated factors that trial courts should consider: "(1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery." *Id.*

Although these factors literally apply only "when bifurcation has been ordered," *id.*, they are still appropriate for determining whether to stay discovery. First, the parties to the Coverage Claim are the same as the parties to the Bad Faith Claims. Thus, the number of parties does not weigh in favor of staying discovery on the Bad Faith Claims. Second, this does not appear to be a particularly complex case because the central issue is interpretation of policy language. Although Mutual of Omaha argues that the Bad Faith Claims are more complex than the underlying Coverage Claim, that complexity did not concern other federal courts considering this issue. *See, e.g.*, *Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13-cv-80, 2013 WL 5777280, at *9 (N.D. W. Va. Oct. 25, 2013); *Chaffin v. Watford*, No. 3:08-cv-0791, 2009 WL 772916, at *2 (S.D. W. Va. Mar. 18, 2009) (Chambers, J.); *Tustin v. Motorists Mut. Ins. Co.*, No. 5:08-cv-111, 2008 WL 5377835, at *3 (N.D. W. Va. Dec. 22, 2008).

Third, prejudice would result to the plaintiffs if discovery is partially stayed.[1] As the plaintiffs note, partially staying discovery could result in depositions being taken twice. Thus, the third factor weighs in favor of unitary discovery proceedings.

The fourth factor—whether a single jury will hear the case—is unclear at this point because I have not decided whether to bifurcate the trial. On the fifth factor, I agree with Mutual of Omaha's contention that partial discovery is feasible. Even so, it would be more practical to allow unitary discovery in order to prevent deposing witnesses twice. Finally, on the sixth factor—the burden imposed on this court from partial discovery—I find that it would be easier to oversee unitary discovery and to receive dispositive motions on all of the evidence at once.

Therefore, the *Light* factors weigh in favor of allowing discovery to proceed on all claims. Accordingly, Mutual of Omaha's motion to stay discovery on the Bad Faith Claims is **DENIED**.

**III. Conclusion**

As set forth above, the motion to bifurcate is **DENIED without prejudice** and the motion to stay is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     March 6, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] I note that Mutual of Omaha misstated the third *Light* factor as "Whether undue prejudice would result to the *insurer* if discovery is stayed." (Def. Mutual of Omaha's Mem. of Law in Supp. of Its Mot. to Bifurcate and Stay the Bad Faith Claims) (emphasis added).