IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

LYLE A. AND SUSAN B. WILKINSON,

    Plaintiffs,

v.                                        CASE NO. 2:13-cv-9356

MUTUAL OF OMAHA INSURANCE
COMPANY, an Ohio Corporation,

    Defendant.

## ORDER

Pending before the Court is Lyle A. and Susan V. Wilkinson's Motion to Strike (ECF No. 29) and Mutual of Omaha Insurance Company's Motion to Compel (ECF No. 31). Subsequently, Mutual of Omaha Insurance Company filed a Response in opposition to the Motion to Strike (ECF No. 32), Lyle A. and Susan V. Wilkinson filed a Response in opposition to Mutual of Omaha Insurance Company's Motion to Compel (ECF No. 38) and Mutual of Omaha Insurance Company filed a Reply (ECF No. 40).

On August 9, 2013, Defendant Mutual of Omaha Insurance Company filed its Rule 26(a)(1) disclosures with the Court and listed Plaintiffs' counsel, Mark French, as a fact witness (ECF No. 12). Plaintiffs filed a Motion to Strike on March 10, 2014 (ECF No. 29). Plaintiffs assert that Mr. French has always acted as their counsel throughout the entire process of applying for accelerated death benefits from Defendant, Mutual of Omaha Insurance Company. Plaintiffs further assert that any communications Mr. French had with Plaintiffs regarding this matter are protected by the attorney-client privilege and/or work-product doctrine. Plaintiffs' Motion to Strike requests Mr. French be removed from Defendant's Rule 26(a)(1) disclosures and that he

not be subject to being called as a witness in this matter for any purpose, along with all other and further relief deemed just and necessary.

By Motion to Compel filed March 19, 2014, Defendant Mutual of Omaha Insurance Company seeks to compel Plaintiffs' counsel, Mark French, to sit for deposition regarding his involvement in the underlying claim for insurance coverage and for this Court to award all other relief as deemed just and necessary (ECF No. 31). Defendant asserts that Mr. French is a fact witness in regards to Plaintiffs' claims for bad faith and violations of the Unfair Trade Practices Act (hereinafter UTPA) as a result of his involvement in seeking insurance benefits on behalf of his clients.[1] Defendant asserts that Mr. French had direct interaction with the representatives for Defendant and it was he who passed the information on to his clients regarding such interactions. In order to explore Plaintiffs' damages, and especially the cause of damages asserted, Defendant asserts it must be allowed to take the discovery deposition of Mr. French (ECF No. 32). Defendant asserts that Plaintiffs experienced the underlying bad faith and UTPA portion of this lawsuit through the eyes of Mr. French and relied on him to explain and interpret the events relating to the underlying claim for insurance benefits. Defendant asserts that it is impossible to know whether the information obtained through Mr. French's deposition could be obtained elsewhere. Defendant has not moved to disqualify Mr. French as Plaintiffs' counsel at this time.

Disciplinary Rule 5-102 of the Code of Professional Responsibility and Rule 3.7 of the Rules of Professional Conduct state that it is unethical for a lawyer representing a client to

---

[1] Rule 501 of the Federal Rules of Evidence states "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Since the issue in this matter alleges violations of the West Virginia Unfair Trade Practices Act, W.Va. Code § 33-11-4(9), state law should govern.

2

appear as a witness on behalf of the client except under very limited conditions.[2] Syl. Pt. 1, *Smithson v. U.S. Fidelity and Guar. Co.*, 186 W.Va. 195, 411 S.E.2d 850 (1991).

When an attorney is a material witness in a case and is also the advocate for the client, a record has to be made to determine whether the attorney must be disqualified. Plaintiffs assert that pursuant to the following disqualification analysis by the West Virginia Supreme Court of Appeals in *Smithson v. U.S. Fidelity and Guar. Co.*, Mr. French should not be called as a witness, and therefore should not be disqualified as counsel in this matter.

> When an attorney is sought to be disqualified from representing his client because an opposing party desires to call the attorney as a witness, the motion for disqualification should not be granted unless the following factors can be met: First, it must be shown that the attorney will give evidence material to the determination of issues being litigated; second, the evidence cannot be obtained elsewhere; and third, the testimony is prejudicial or may be potentially prejudicial to the testifying attorney's client.

Syl. Pt. 3, *Smithson*.

First, Plaintiffs assert that although Mr. French may have knowledge about this matter, said information was acquired while he was acting as their counsel, and that knowledge was protected by the work-product and/or attorney-client communication privilege. Second, Plaintiffs assert that the evidence sought by Defendant can be obtained from Defendant's own employees. Third, even if Mr. French were called as a witness, any information he had regarding this matter would be protected by privilege. Based upon the three factors in the *Smithson* case, Plaintiffs request Defendant's Motion to Compel the deposition of Mr. French be denied.

---

[2] Disciplinary Rule 5-102 states that after a lawyer learns that he "ought to be called as a witness on behalf of his client" he shall withdraw from representation. Additionally, after a lawyer learns that he may be called as a witness other than on behalf of his client, "he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client." Under Rule 3.7 of the Rules of Professional Conduct, a lawyer is prohibited from appearing as a witness on behalf of his client except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

3

In addition to Rule 26(b) of the State and Federal Rules of Civil Procedure limiting discovery to exclude privileged matters, Rules of Professional Conduct prohibits a lawyer from disclosing information relating to representation of a client. Specifically, Rule 1.6 of the Rules of Professional Conduct states "(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b)." Paragraph (b) states a lawyer may reveal information reasonably necessary to prevent a criminal act or to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client.

Attorney-client privilege applies to compelled disclosure of confidences communicated by client to lawyer, and belongs to the client. See *Lawyer Disciplinary Board v. McGraw*, 461 S.E.2d 850, 194 W.Va. 788 (1995). On the other hand, a lawyer's ethical duty of confidentiality under Rule 1.6 of the Rules of Professional Conduct applies to all information relating to representation of a client, protecting more than just confidences or secrets of a client. The ethical duty of confidentiality is not nullified by the fact that the information is part of a public record or by the fact that someone else is privy to it. (*Id.*)

The attorney-client privilege, embodied in Rule 26(b) of the State and Federal Rules of Civil Procedure, includes the work-product doctrine. In West Virginia there are two classifications of the work-product doctrine, "fact work product" and "opinion work product." See *State ex rel. Medical Assurance of West Virginia, Inc. v. Recht*, 583 S.E.2d 80 (W.Va. 2003). Consistent with the findings of the United States Court of Appeals for the Fourth Circuit in *In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994), the Supreme Court of Appeals of West Virginia held that "Fact work product is discoverable only 'upon a showing of both a

4

substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" Additionally, "Opinion work-product is even more scrupulously protected as it represents the actual thoughts and impressions of the attorney, and the protection can be claimed by the client or the attorney." *State ex rel. US Fidelity & Guaranty Company v. Canady*, 460 S.E.2d 677, 691(W. Va. 1995) (quoting *In re Grand Jury Proceedings*, 33 F.3d at 348).

The United States Supreme Court has recognized the attorney-client privilege as "the oldest of the privileges for confidential communications known to the common law." *In re Grand* citing *Upjohn Co. v. United States,* 449 U.S. 383, 389, 66 L.Ed. 2d 584, 101 S.Ct5. 677 (1981). In *USF&G*, the Supreme Court of Appeals of West Virginia noted that the attorney-client privilege and the work-product exception are to be strictly construed. "As the attorney-client privilege and the work-product exception may result in the exclusion of evidence which is otherwise relevant and material and are antagonistic to the notion of the fullest disclosure of the facts, courts are obligated to strictly limit the privilege and exception to the purpose for which they exist." *Id.* at 684. On the other hand, "[c]ourts must work to apply the privilege in ways that are predictable and certain" keeping in mind that "[t]he privilege forbidding the discovery of evidence relating to communications between an attorney and a client is intended to ensure that a client remains free from apprehension that consultations with a legal advisor will be disclosed." *Id.* at 684 (citations omitted). As the Court in *USF&G* explained:

> What is at stake here are two important competing policies. One policy protects the integrity and fairness of the fact-finding process by requiring full disclosure of all relevant facts connected with the impending litigation. The other policy promotes full and frank consultation between a client and a legal advisor by removing the fear of compelled disclosure of information. "It is then the function of a court to mediate between them, assigning, so far as possible, a proper value to each, and summoning to its

5

aid all the distinctions and analogies that are the tools of the judicial process."

*Id.* at 684-685 (quoting *Clark v. United States*, 289 U.S. 1, 13, 53 S.Ct. 465, 469, 77 L.Ed. 993, 999 (1933)).

In *USF&G*, the Court stated the three elements necessary to determine whether the attorney-client privilege exists: (1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from that attorney in his capacity as a legal adviser; (3) the communication between the attorney and client must be intended to be confidential. Additionally, the Court in *USF&G* found that the claimant bears the burden of establishing the applicability of the attorney-client privilege.

"[A]n attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *In re John DOE, et al., v. United States of America*, 662 F.2d 1073, 1077 (4th Cir. 1981). Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). In the present matter, Mr. French's knowledge about this matter was obtained while he was acting as Plaintiffs' counsel. Defendant admits in its Response in Opposition to Plaintiff's Motion to Strike and Memorandum in Support of Motion to Compel (ECF No. 32) that on July 6, 2011, Mr. French, "the Plaintiff's attorney, sent a letter to Connie Whitney of Mutual of Omaha and advised that he was Mr. Wilkinson's attorney-in-fact, provided a durable power of attorney, and purportedly enclosed Mr. Wilkinson's accelerated benefits claim form." (*Id.*) Defendant knew at that time that Mr. French was acting as Plaintiffs' counsel. Second, Mr. French's communications with Defendant can be obtained elsewhere.

Defendant's employees and Plaintiff, Mrs. Wilkinson, are potential witnesses to obtain information pertaining to the communications between Plaintiffs and Defendant.

Defendant fails to establish the required showing of an inability to secure the substantial equivalent of the information by alternate means without undue hardship. Under the current circumstances, the undersigned cannot conclude the present matter justifies Defendant's deposition of Plaintiffs' counsel.

Accordingly, Plaintiffs' Motion to Strike (ECF No. 29) is **GRANTED, in part, and DENIED, in part.** It is hereby **ORDERED** that Mr. French's name be stricken from Defendant's Rule 26(a)(1) disclosures at this time. It is further **ORDERED** that Defendant's Motion to Compel (ECF No. 31) is **DENIED**. The Parties' requests for other relief are **DENIED** at this time.

The Clerk is requested to mail a copy of this Order to all counsel of record.

ENTER: May 22, 2014

_____
Dwane L. Tinsley
United States Magistrate Judge